IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIRBUS SAS,<br>AIRBUS DS GOVERNMENT<br>SOLUTIONS, INC., AIRBUS<br>HELICOPTERS, INC., AIRBUS<br>U.S. SPACE & DEFENSE, INC.,<br>AIRBUS AMERICAS, INC.,<br>AIRBUS DEFENCE AND SPACE<br>LTD., | |
| Plaintiffs, | Civil Action No. 25-178-CFC |
| v. | |
| ANACONDA INC., | |
| Defendant. | |

## MEMORANDUM ORDER

Pending before me is Defendant/Counterclaim Plaintiff Anaconda Inc.'s motion for a preliminary injunction. D.I. 96. I have reviewed the parties' briefing, supporting declarations, and exhibits filed in support of and in opposition to the motion. This Memorandum Opinion constitutes my findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a)(2).

I.

Anaconda is a software publisher. Its main offering is the Anaconda Distribution, a collection of packages and installers of software used in so-called

"artificial intelligence." D.I. 124 ¶¶ 6–7. Anaconda registered a copyright for the Anaconda Distribution with the United States Copyright Office in 2024. D.I. 11 ¶ 4.

Anaconda's "primary competition in the marketplace" is open-source software. D.I. 98 ¶ 8. "Anaconda initially offered its packages and installers to anyone free of charge, with surcharges applied to certain services." D.I. 124 ¶ 9. In March 2020, Anaconda began charging "large commercial enterprises" for a license to use Anaconda's software. D.I. 124 ¶ 9.

One of the Plaintiffs (collectively, Airbus) obtained a commercial Anaconda license that expired in March 2024. D.I. 103-20 at 2. After the license expired, Anaconda sent cease and desist letters to Airbus and attempted to sell it a new license. D.I. 103-14; D.I. 178-18 at 2.

On February 13, 2025, Airbus filed this lawsuit. D.I. 1. Airbus seeks by its Complaint a judgment declaring that (1) Anaconda's copyright registration for the Anaconda Distribution is invalid, (2) the Anaconda Distribution is not copyrightable, and (3) Airbus does not infringe any Anaconda-owned copyright in the Anaconda Distribution. D.I. 1 at 17. Airbus served a copy of the Complaint on Anaconda on February 14. On March 3, I signed at the joint request of the parties an order that gave Anaconda until April 7 to respond to the Complaint. D.I. 8.

2

On April 7, Anaconda filed an Answer and Counterclaims. D.I. 11. Anaconda asserted two counterclaims—copyright infringement and breach of contract. D.I. 11. Anaconda alleged in its Counterclaims that at least one of the Airbus Plaintiffs "ha[s] infringed [since March 3, 2024] and continue[s] to infringe, Anaconda's [copyright for the Anaconda Distribution] by registering to, using, accessing, copying, mirroring and/or distributing the Anaconda Distribution and the associated conda-compatible packages, including the Proprietary Components, without Anaconda's authorization." D.I. 11 ¶ 60. Anaconda seeks by its Counterclaims (1) an award, pursuant to § 504(b) of the Copyright Act, of actual damages it has suffered as a result of Airbus's infringement and any profits of Airbus that are attributable to the infringement and are not taken into account in computing the actual damages; (2) an award of statutory damages as permitted by § 504(c) of the Copyright Act; and (c) a permanent injunction to prevent and restrain Airbus from infringing the Anaconda Distribution copyright. D.I. 11 at 56.

Anaconda alleges in its Counterclaims that "[u]nless enjoined by this Court, ongoing conduct by one or more of the Airbus [Defendants] will cause great and irreparable harm to Anaconda, and Anaconda has no adequate or other remedy at law for such acts." D.I. 11 ¶ 86. It did not, however, allege facts to support this conclusory assertion; nor did it seek a preliminary injunction in its Counterclaims.

On May 1, I held a scheduling conference and set trial to begin on February 22, 2027. On October 17, 2025, Anaconda filed the pending motion. D.I. 11.

## II.

Anaconda seeks by its motion an order (1) preliminarily enjoining Airbus "from downloading and using Anaconda's software" and (2) requiring Airbus "to provide Anaconda with a report by an independent forensic examiner, at Airbus's expense, showing that Anaconda's software has been removed from Airbus's systems and preserved for purposes of this litigation." D.I. 96-2.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "In awarding preliminary injunctions, courts determine if a plaintiff is likely to succeed on the merits—along with the risk of irreparable harm, the balance of equities, and the public interest." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (emphasis omitted). Under Third Circuit law, "a failure to show a likelihood of success or a failure to demonstrate irreparable injury[] must necessarily result in the denial of a preliminary injunction." *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982). Because Anaconda has failed to show that it will suffer

irreparable harm in the absence of an injunction pending trial, I will deny its motion.

Anaconda argues that "has suffered and will continue to suffer irreparable harm" because

> Airbus's conduct—openly continuing to use Anaconda's software while publicly declaring that the software is not protected by copyright—has: (1) eroded Anaconda's negotiating leverage, goodwill, and brand reputation; (2) prevented Anaconda from taking advantage of a significant growth window during an important stage in Anaconda's life; (3) caused Anaconda's licensing revenues to vastly underperform; (4) created substantial obstacles for the retention and recruitment of talent; and (5) harmed Anaconda's business operations and research and development efforts.

D.I. 97 at 15 (citing Declaration of Jane Kim, D.I. 98 ¶¶ 17–19, 21–25). This argument fails for three independent reasons.

First, the only evidence Anaconda points to as proof that Anaconda openly uses the Anaconda Distribution and has "publicly declar[ed]" that the Anaconda Distribution software "is not protected by copyright" is this lawsuit. *See* D.I. 191 at 11 ("Airbus filed this legal action for declaratory judgment regarding Anaconda's copyrighted software, thus making public Airbus's own ongoing infringement of Anaconda's software."); *see also* D.I. 163, Ex. B at 18–19, 55–58, 60–63, 70 (Kim declining in her deposition to identify any basis other than this lawsuit for Airbus's conduct being publicly known). But under Delaware law—

5

which Airbus says, and Anaconda does not dispute, applies here, *see* D.I. 160 at 7–8; D.I. 191 at 10—statements made in litigation enjoy an "absolute privilege" from liability. *Barker v. Huang*, 610 A.2d 1341, 1349 (Del. 1992); *Sheehan v. AssuredPartners, Inc.*, 2020 WL 2838575, at *16 (Del. Ch. May 29, 2020). This absolute privilege precludes an award of equitable relief based on litigation statements. *Ritchie CT Opps, LLC v. Huizenga Managers Fund, LLC*, 2019 WL 2319284, at *13–14 (Del. Ch. May 30, 2019).

Second, even if the litigation privilege did not apply, Anaconda has adduced no record evidence to show that the filing of this lawsuit, open use of its software by Airbus, and disparagement of its copyright by Airbus have individually or in combination caused Anaconda to suffer any of the five alleged harms. To obtain an injunction in a copyright case, the "moving party must show that it will suffer irreparable harm that is causally attributable to the challenged infringement." *TD Bank N.A. v. Hill*, 928 F.3d 259, 280 (3d Cir. 2019). "Neither the prospect of continued infringement nor the 'right to not use' a copyright establishes irreparable harm," *id.*, but that is all Anaconda has pointed to here to show a nexus between Airbus's conduct and the harm Anaconda says it is experiencing.

Third, two of the alleged harms are purely economic injuries and the remaining three alleged harms are alleged only in conclusory fashion. The two purely economic harms—preventing Anaconda from taking advantage of a

6

significant growth window during an important stage in Anaconda's life and causing Anaconda's licensing revenues to vastly underperform—are not irreparable harm as a matter of law. *See Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) ("[A] purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement[.]"). The remaining alleged harms—erosion of negotiating leverage, goodwill, and brand reputation, prevention of Anaconda from taking advantage of a significant growth window during an important stage in Anaconda's life, obstacles for the retention and recruitment of talent, and harm to Anaconda's business operations and research and development efforts—are stated in such conclusory and vague terms that they are at best speculative and therefore inadequate to support a finding of irreparable harm. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000) ("[T]he risk of irreparable harm must not be speculative."); *ADP, Inc. v. Levin*, 2022 WL 1184202, at *3 (3d Cir. Apr. 21, 2022) (holding that movant's "offer[ing] [of] only conclusory allegations that it may lose clients, goodwill, or referral business as a result of" the conduct movant sought to enjoin "failed to demonstrate that the risk of future harm was anything other than speculative" and therefore movant "was not entitled to a preliminary injunction"); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801–03 (3d Cir.1989) (holding that district court abused its discretion in granting a preliminary injunction as there

was no hard evidence to persuade the court that a broken contract would force movant out of business); *Marxe v. Jackson*, 833 F.2d 1121, 1125–28 (3d Cir. 1987) (holding that district court erred in finding irreparable harm when there was weakly alleged possibility that, in claim of retaliatory discharge, being kept out of the workplace threatened to discourage coworkers from testifying; such a charge could constitute irreparable harm, but required more specific facts indicating the existence of such a threat); *United States v. Pennsylvania*, 533 F.2d 107, 110–11 (3d Cir. 1976) (holding that threatened effect on ability to provide medical care was too attenuated to constitute irreparable harm); *A.L.K. Corp. v. Columbia Pictures Indus., Inc.*, 440 F.2d 761, (3d Cir. 1971) (holding that threatened loss of "theatre momentum" was not sufficiently concrete to require distributor to deliver promised film before adjudication of contract meaning).

For these reasons, I find that Anaconda has failed to make a sufficient showing of irreparable harm to justify a preliminary injunction. That finding is buttressed by Anaconda's delay in filing its motion. *See* 5 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.06[A][3][c][ii] (2026) ("The aspect of irreparable harm can be effectively rebutted by a sufficiently long delay in moving to enforce the copyright. The quantum of acquiescence need not be great[.]") (footnotes omitted). Anaconda did not move for preliminary relief until October 2025—six months after bringing its counterclaims and nineteen months after the

latest period Anaconda alleges Airbus began to engage in the unauthorized use of the Anaconda Distribution. *See* D.I. 11; D.I. 96. Anaconda then agreed to a briefing schedule for the motion that was not completed until January 2026. D.I. 136. These delays confirm that Anaconda will not be harmed irreparably by having to wait for the adjudication of its counterclaims at the trial in February 2027.

\* \* \* \*

NOW THEREFORE, at Wilmington on this Fifteenth Day of January in 2026, it is HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction (D.I. 96) is DENIED.

_____
CHIEF JUDGE