# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AIRBUS SAS, AIRBUS DS                  )
GOVERNMENT SOLUTIONS, INC.,            )
AIRBUS HELICOPTERS, INC.,              )
AIRBUS U.S. SPACE & DEFENSE,           )
INC., AIRBUS GROUP, INC., and          )    C.A. No. 25-178-CFC-SRF
AIRBUS DEFENCE AND SPACE               )
LTD.,                                  )
                                       )
      Plaintiffs,                      )    **JURY TRIAL DEMANDED**
                                       )
v.                                     )
                                       )
ANACONDA, INC.,                        )
                                       )
      Defendant.                       )
                                       
ANACONDA, INC.,                        )
                                       )
      Counterclaim-Plaintiff,          )
                                       )
v.                                     )
                                       )
AIRBUS SAS, AIRBUS DS                  )
GOVERNMENT SOLUTIONS, INC.,            )
AIRBUS HELICOPTERS, INC.,              )
AIRBUS U.S. SPACE & DEFENSE,           )
INC., AIRBUS GROUP, INC.,              )
AIRBUS DEFENCE AND SPACE               )
LTD., and AIRBUS ATLANTIC SAS,         )
                                       )
      Counterclaim-Defendants.         )

## ANACONDA'S OBJECTIONS TO ORDER (D.I. 383)
## COMPELLING PRODUCTION OF ATTORNEY-WORK-PRODUCT

Anaconda respectfully objects to the Magistrate Judge's Order compelling production of a "Content Ownership Document" based on waiver.  D.I. 383 at 8-10. This objection is limited to a single issue addressed in the underlying Order.

**Argument.**  A "district judge must 'modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.'"  *Newsome v. Lawson*, 286 F. Supp. 3d 657, 662 (D. Del. 2017) (quoting Fed. R. Civ. P. 72(a)).  "The Court reviews a Magistrate Judge's findings of fact for clear error and reviews a Magistrate Judge's legal conclusions de novo."  *ECB USA, Inc. v. Savencia, S.A.*, 2024 WL 3083445, at *1 (D. Del. June 21, 2024).

There is no dispute that the "Content Ownership Document" is protected attorney work product.  The only question is whether disclosure by Anaconda's then-Chief Product Officer, Chandler Vaughn, to financial firm Lazard in connection with fundraising waived that protection.  D.I. 351 Ex. 3; D.I. 358-1.  It did not.

"[I]t is only in cases in which the material is disclosed in a manner inconsistent with keeping it from an adversary that the work-product doctrine is waived."  *In re Chevron Corp.*, 633 F.3d 153, 165 (3d Cir. 2011).  "[W]hen the disclosure is either inadvertent or made to a non-adversary, it is appropriate to ask whether the circumstances surrounding the disclosure evidenced conscious disregard of the possibility that an adversary might obtain the protected materials."  *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1431 (3d Cir. 1991).

1

Judge Fallon concluded that Anaconda waived work-product protection by disclosing the document to Lazard.  D.I. 383 at 10.  The resulting order should be reversed as clearly erroneous and contrary to law.  *See In re OpenAI, Inc., Copyright Infringement Litig.*, 2026 WL 328182, at *3–4 (S.D.N.Y. Feb. 6, 2026) (setting aside magistrate judge's privilege waiver decision).    In particular, the waiver determination was wrong for two reasons: (1) the clearly erroneous finding that Anaconda imposed "no restriction on how Lazard could use or disseminate the document," D.I. 383 at 9-10; and (2) the legally erroneous failure to identify (let alone analyze) any adversary to whom the document was even *potentially* disclosed.

First, contrary to Judge Fallon's finding, Anaconda allowed Lazard to share the document, if at all, *only* with potential investors through virtual data rooms ("VDRs"), D.I. 351 Ex. 3 at -254037, D.I. 358-1 at -254034, and subjected that VDR access to non-disclosure agreements, D.I. 358-6 at -244879; D.I. 358-5 ¶ 4.  This critical evidence, which Judge Fallon did not address, leaves no doubt that Judge Fallon's factual finding is clearly erroneous.

Other courts have recognized that similar restrictions preserve work-product protection.  In *Wi-Lan, Inc. v. Acer, Inc.*, 2010 WL 4118625 (E.D. Tex. Oct. 18, 2010), the court held disclosure to "potential purchasers" of IP assets under an NDA and a "three-phase transaction and due diligence process" involving materials placed in a "Data Room" was not waiver.  *Id.* at *1, 4; *compare with* D.I. 358-6 at -244879–

80 (describing three-phase VDR and diligence process).  Similarly, in *AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc.*, 2025 WL 1344819, (N.D. Cal. May 8, 2025), the court found no waiver where, like here, a document was shared with "potential acquirers" in a "diligence 'data room'" and the party arguing waiver "identifie[d] no circumstances indicating the [document] was disclosed in a manner that substantially increased the likelihood that potential adversaries could obtain its contents."  *Id.* at *1, 3.  Although an NDA is not required, many cases hold that disclosure under such agreements preserves the protection.  *See, e.g.*, *RKF Retail Holdings, LLC v. Tropicana Las Vegas, Inc.*, 2017 WL 2292818, at *6 (D. Nev. May 25, 2017); *Maruzen Co. v. HSBC USA, Inc.*, 2002 WL 1628782, at *1-2 (S.D.N.Y. July 23, 2002); *Blanchard v. EdgeMark Fin. Corp.*, 192 F.R.D. 233, 237 (N.D. Ill. 2000).  Given the restrictions, Judge Fallon's waiver ruling should be set aside.

Second and independently, the Order should be reversed because, although Judge Fallon properly recognized that Anaconda must have had a "*conscious disregard* of the possibility that an adversary might obtain the protected materials" to waive work-product protection, D.I. 383 at 9 (quoting *Westinghouse*, 951 F.2d at 1431) (emphasis added), her ruling nowhere identifies how disclosure to Lazard for the purpose of sharing with investors meets that standard.  Lazard was not an adversary, and Airbus did not contend otherwise.  Instead, Airbus argued only that the document was shared by Lazard with "potential investors" as part of

3

fundraising. D.I. 351 at 1. But there is no evidence that the document was in fact disclosed to *any* potential investors; the only evidence (a declaration from Anaconda's Chief Legal Officer) states the contrary. D.I. 358-5 ¶ 3. And even if it was so disclosed, those potential investors were not *adversaries* of Anaconda; nor has Airbus explained how any such potential investor was or could have been an adversary to Anaconda. Judge Fallon failed to identify any basis for conscious disregard by Anaconda, and her waiver conclusion thus constitutes legal error or at least rests on a clearly erroneous finding. Given that *Airbus* bears the burden to establish waiver, that alone is fatal to Airbus's waiver claim. *See, e.g.*, *Louisiana Mun. Police Emps. Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 311 (D.N.J. 2008). Again, many cases have found no waiver in similar circumstances. *See, e.g.*, *id.* at 311, 314 (disclosure from one party to corporate transaction to the other not waiver); *RKF Retail Holdings*, 2017 WL 2292818, at *8 (disclosure from seller to acquirer prior to merger not waiver); *Blanchard*, 192 F.R.D. at 236–38 (disclosure to investment banker in connection with merger not waiver); *Vanguard Sav. & Loan Ass'n v. Banks*, 1995 WL 555871, at *5 (E.D. Pa. Sept. 18, 1995) (disclosure to investigating agency not waiver even though the discloser would not "be considered a traditional non-adversary" with the agency).

**Conclusion.** Anaconda's disclosure to Lazard did not waive work-product protection. Judge Fallon's contrary conclusion should be set aside.

4

OF COUNSEL:

Sarang V. Damle (pro hac vice)
Adam Greenfield (pro hac vice)
Ashley M. Fry (pro hac vice)
Holly K. Victorson (pro hac vice)
Raymond Gans (pro hac vice)
Connor Wheeler (pro hac vice)
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
sy.damle@lw.com
adam.greenfield@lw.com
ashley.fry@lw.com
holly.victorson@lw.com
ray.gans@lw.com
connor.wheeler@lw.com

Allison Harms (pro hac vice)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
allison.harms@lw.com

Grace McLaughlin (pro hac vice)
Yung-Hsiang Sean Shih (pro hac vice)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
grace.mclaughlin@lw.com
sean.shih@lw.com

Lindsay Ella Mae Hardy (pro hac vice)
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
lindsay.hardy@lw.com

Dated: June 2, 2026

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for Defendant and
Counterclaimant Anaconda, Inc.*

5

## <u>CERTIFICATE OF COMPLIANCE WITH TYPEFACE REQUIREMENT AND TYPE-VOLUME LIMITATION</u>

The undersigned counsel hereby certifies that the foregoing document contains 996 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the brief. The word count does not include the cover page or the counsel blocks. The undersigned counsel hereby certifies that the foregoing document complies with the four-page limit set forth in Magistrate Judge Fallon's May 19, 2026 Order. D.I. 383 ¶ 26.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)

1