# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AIRBUS SAS,
AIRBUS DS GOVERNMENT SOLUTIONS, INC.,
AIRBUS HELICOPTERS, INC.,
AIRBUS U.S. SPACE & DEFENSE, INC.,
AIRBUS AMERICAS, INC.,
and AIRBUS DEFENCE AND SPACE LTD.,

        Plaintiffs,

    v.

ANACONDA, INC.,

        Defendant.

---

ANACONDA, INC.,

        Counterclaim-Plaintiff,

    v.

AIRBUS SAS,
AIRBUS DS GOVERNMENT SOLUTIONS, INC.,
AIRBUS HELICOPTERS, INC.,
AIRBUS U.S. SPACE & DEFENSE, INC.,
AIRBUS AMERICAS, INC.,
AIRBUS DEFENCE AND SPACE LTD.,
and AIRBUS ATLANTIC SAS,

        Counterclaim-Defendants.

C.A. No. 25-178-CFC-SRF



## AIRBUS'S RESPONSE TO ANACONDA'S OBJECTIONS TO MEMORANDUM ORDER (D.I. 383)

Anaconda disclosed the Content Ownership Document—which it prepared in connection with an anticipated lawsuit against Intel—to its advisor Lazard to share with potential investors in a virtual data room ("VDR"). Anaconda did so knowing that the potential investors Lazard was targeting included potential and **actual adversaries** to Anaconda, ███████████████████████████████████ ██████████████████████████████████ Anaconda's claim that VDR access was subject to NDAs is unsupported: it has failed to produce any such NDA, and the document and declaration it submitted to the Court do not establish that any NDA was executed. These circumstances are more than sufficient evidence for Judge Fallon to have found that Anaconda demonstrated conscious disregard of the possibility that an adversary might obtain the document. That determination is not clear error, and Anaconda's objections should be overruled.

**Legal Standard.** Under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), "non-dispositive pre-trial rulings made by Magistrate Judges on referred matters should only be set aside if clearly erroneous or contrary to law." *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375 (D. Del. 2010). "A finding is clearly erroneous if the determination (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data[.]" *Id.* (quotation omitted). A decision is "contrary to law" if "the magistrate judge has misinterpreted or misapplied the applicable law."

1

*Pers. Audio, LLC v. Google, Inc.*, 2020 WL 774407, at *1 (D. Del. Feb. 18, 2020).[1]

**Background.** Anaconda asserts that it prepared the Content Ownership Document—which discusses the conda packaging that is the subject of its asserted copyrights—in June 2024 in anticipation of copyright litigation against Intel (No. 24-925-CFC). 2026-05-12 Hr'g Tr. 58:7-16; D.I. 358-1 at -034. At that same time, Anaconda's advisor Lazard was looking for potential investors in Anaconda, ***including*** ██████████████████████. D.I. 358-6 at -851-52, -858-60. On June 6, 2024, the same day that ███████████████████████████ ████████████████████████████████████, he sent the same document to Lazard to share with potential investors, stating, "Feel free to include in VDR." D.I. 358-1 at -034; D.I. 358-15 Nos. 676, 676-1. On June 11, he sent the document to Lazard again, "for good measure," in response to Lazard's request for materials "to share with the relevant teams in the VDR." D.I. 351-3 at -037. Neither email placed any restrictions on Lazard's dissemination of the document, such as an instruction to only share it under an NDA or to withhold it from certain investors.

**Argument.** *First*, Anaconda ignores that the evidence before Judge Fallon

---

[1] As with its objections to Judge Fallon's prior order (D.I. 250), Anaconda again mentions the "de novo" review standard (D.I. 384 at 1) and claims that Judge Fallon made a "legal error" (*id.* at 4) and her decision was "legally erroneous" (*id.* at 2). But Judge Fallon did identify a basis for conscious disregard (*infra*), and Anaconda cites no case for the proposition that she was required to identify an adversary in the context of such a finding. *See* D.I. 384 at 2, 4. The Court should reject Anaconda's attempt to characterize its disagreement with factual findings as a legal dispute.

shows that Lazard's target audience included potential and actual adversaries to Anaconda. Lazard worked with Anaconda to prepare a ███████████, which included ████████████████████████████, who were thus potential recipients of the Content Ownership Document through the VDR. D.I. 358-4 at -601; D.I. 358-6 at -850 ("████████"), -858-860, -879-80; *see* D.I. 351-12 § 1 (████████████). ████████████████ were also potential or actual adversaries of Anaconda as a result of its widespread terms of service enforcement campaign, which was ongoing at the same time as its fundraising efforts and ███████████ ████████, including some with dedicated corporate development or investment functions. Indeed, ███████████████████████████████████████ █████████████████████████████ D.I. 358-6 at -850.

A waiver finding does not require proof of actual disclosure to an adversary. *Cf. Hedgeserv Ltd. v. SunGard Sys. Int'l Inc.*, 2018 WL 6538197, at *2 (S.D.N.Y. Nov. 20, 2018). But even if it did, the declaration Anaconda submitted does not support its assertion that the document was not disclosed. D.I. 384 at 4. Anaconda's declarant joined the company months after the disclosure to Lazard (D.I. 358-5 ¶ 1), and Anaconda chose not to submit a declaration from a knowledgeable person employed by either Anaconda or Lazard at the relevant time. The declarant reviewed only a "Drive folder," not the VDR where the document was shared or any access logs (*id.* ¶¶ 2-3), and Anaconda has provided no explanation for failing to review

3

those sources or even asking Lazard who had access to the document.

***Second***, no NDAs are before the Court. Anaconda cites (D.I. 384 at 2) only Lazard "recommend[ing]" NDAs (D.I. 358-6 at -879) and its declarant's assertion that "finalist potential investors…would have been bound by" NDAs. D.I. 358-5 ¶ 4. Judge Fallon properly credited the emails sharing the document with Lazard, which "imposed no restrictions on how Lazard could…disseminate the document" (D.I. 383 ¶ 17), over Anaconda's speculation that there "would have been" NDAs. D.I. 358-5 ¶ 4. Judge Fallon did not misapply any law in finding that allowing Lazard to "exercise its discretion for sharing the document" was "inconsistent with keeping it from an adversary" and "evidenced conscious disregard of the possibility that an adversary might obtain [it]." D.I. 383 ¶ 17 (quoting and applying 3d Cir. law).

Anaconda's cases are non-binding and distinguishable—they either did not involve adversaries and/or included evidence of confidentiality restrictions, and none involved leaving information to a third party to exercise discretion over who could receive the materials in question. *See, e.g.*, *AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc.*, 2025 WL 1344819, at *3 (N.D. Cal. May 8, 2025) (no potential adversary identified); *Wi-Lan, Inc. v. Acer, Inc.*, 2010 WL 4118625, at *1, 5 (E.D. Tex. Oct. 18, 2010) (protected materials disclosed only after signing NDA).

**Conclusion.** For the above reasons, the Court should overrule Anaconda's objections to Judge Fallon's Memorandum Order of May 19 (D.I. 383).

Dated: June 16, 2026

**FISH & RICHARDSON P.C.**

*/s/ Grayson P. Sundermeir*
Grayson P. Sundermeir (#6517)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
sundermeir@fr.com

OF COUNSEL:

Frank E. Scherkenbach (*pro hac vice*)
Adam J. Kessel (*pro hac vice*)
Andrew Pearson (*pro hac vice*)
Alexander M. Pechette (*pro hac vice*)
Kayleigh E. McGlynn (*pro hac vice*)
Daniel H. Wade (*pro hac vice*)
FISH & RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210
Telephone: (617) 542-5070
scherkenbach@fr.com; kessel@fr.com;
pearson@fr.com; pechette@fr.com;
mcglynn@fr.com; wade@fr.com

C. William Bootle (*pro hac vice*)
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
bootle@fr.com

*Attorneys for Plaintiffs-Counterclaim-Defendants Airbus*

5

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 1,054 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the foregoing document. The word count does not include the cover page or the counsel blocks. The undersigned counsel hereby certifies that the foregoing document complies with the four-page limit set forth in Magistrate Judge Fallon's May 19, 2026 Order. D.I. 383 ¶ 26.

/s/Grayson P. Sundermeir
Grayson P. Sundermeir (#6517)

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, I caused the foregoing to be served *via* electronic mail upon all counsel of record.

*/s/ Grayson P. Sundermeir*
Grayson P. Sundermeir (#6517)