IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AIRBUS SAS,
AIRBUS DS GOVERNMENT
SOLUTIONS, INC., AIRBUS
HELICOPTERS, INC., AIRBUS
U.S. SPACE & DEFENSE, INC.,
AIRBUS AMERICAS, INC.,
AIRBUS DEFENCE AND SPACE
LTD.,

       Plaintiffs,

   v.

ANACONDA INC.,

       Defendant.

Civil Action No. 25-178-CFC-SRF

---

## MEMORANDUM ORDER

Defendant Anaconda, Inc. has filed an objection to a Memorandum Order

issued by the Magistrate Judge on May 19, 2026 (D.I. 383). D.I. 384. The

Memorandum Order requires in relevant part that Anaconda must produce to

Defendants a so-called "Content Ownership Document." D.I. 383 at 13. As

relevant here, in ordering the production of the document, the Magistrate Judge

held that Anaconda's dissemination of the document to its investment banker,

Lazard, waived any attorney work product protection the document might have

had. D.I. 383 at 9–10. Anaconda argues in its objection that this holding was

clearly erroneous and contrary to law and that I should reverse the Memorandum Order to the extent it compels Anaconda to produce the Content Ownership Document to Defendants.  D.I. 384 at 2.

The Magistrate Judge had the authority to issue the Memorandum Order under 28 U.S.C. § 636(b)(1)(A).  Because the Memorandum Order is non-dispositive, it "should only be set aside if clearly erroneous or contrary to law." *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375 (D. Del. 2010); *see also* § 636(b)(1)(A). "A finding is clearly erroneous if the determination '(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Leader Techs.*, 719 F. Supp. 2d at 375 (quoting *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992)). "A magistrate judge's decision is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Smith Int'l Inc. v. Baker Hughes Inc.*, 2016 WL 6122927, at *1 (D. Del. Oct. 19, 2016) (internal quotation marks and citation omitted).

I agree with the Magistrate Judge's ruling and reasoning and will affirm the Memorandum Order.

"[T]he work-product doctrine recognizes a *qualified* evidentiary protection, in contrast to the absolute protection afforded by the attorney-client privilege." *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1429 (3d Cir.

1991) (emphasis in original). A party can lose the protection by waiving it. *United States. v. Nobles*, 422 U.S. 225, 239 (1975). "[T]he work-product doctrine protects an attorney's work from falling into the hands of an adversary, and so disclosure to a third party does not necessarily waive the protection of the work-product doctrine." *In re Chevron Corp.*, 633 F.3d 153, 165 (3d Cir. 2011) (internal quotation marks omitted) (finding waiver when party disclosed documents to court-appointed expert). "[W]hen the disclosure is either inadvertent or made to a non-adversary, it is appropriate to ask whether the circumstances surrounding the disclosure evidenced conscious disregard of the possibility that an adversary might obtain the protected materials." *Westinghouse*, 951 F.2d at 1431 (finding waiver when party disclosed documents to federal law enforcement agencies).

Anacaonda hired Lazard to solicit outside investors to raise funds for it. D.I. 358-2 at 218:2–219:11; D.I. 351-2 at 340:24–341:19. In a strategy presentation for the Anaconda project, Lazard pitched "[o]utreach to large enterprise users with large usage/unpaid licenses, to leverage possibility of joint commercial and investment conversation." D.I. 358-6 at 244850. One of the potential investors listed in that presentation was Intel, an entity Anaconda would sue for copyright infringement in August 2024. D.I. 358-6 at 244858; *see also Anaconda, Inc. v. Intel Corp.*, No. 24-925.

On June 6, 2024, Anaconda executive Chandler Vaughn emailed the Content Ownership Document to Lazard, noting that Anaconda "created this quickly due to the fight we are in with Intel[.]" D.I. 358-1.  He did not give Lazard any instructions to keep the document confidential but instead stated that Lazard should "[f]eel free to include [the document] in [the virtual data room]" shared with potential investors.  D.I. 358-1.  On June 11, Vaughn again emailed the document to Lazard, this time in response to a request for presentations used for the due diligence calls that would be "share[d] with the relevant teams in the [virtual data room]."  D.I. 351-3 at 254037.  His second transmission also lacked any instructions to keep the document confidential.  *See* D.I. 351-3 at 254037.

Anaconda argues that the Content Ownership Document would only have been shared pursuant to a nondisclosure agreement, D.I. 384 at 2, but it did not adduce record evidence of such an agreement.  Anaconda also objects that "there is no evidence that the document was in fact disclosed to *any* potential investors" or that the investors were Anaconda's adversaries.  D.I. 384 at 4 (emphasis in original).  But waiver does not require actual disclosure to an adversary.  "[C]onscious disregard of the possibility" of such a disclosure is sufficient to waive work product protection.  *Westinghouse*, 951 F.2d at 1431.  Disclosing the document without any caveats for confidentiality to market the company for outside funding shows conscious disregard that an adversary might obtain it.

4

NOW THEREFORE, at Wilmington this Twenty-eighth Day of July in 2026, it is HEREBY ORDERED that Anaconda's objections (D.I. 384) are OVERRULED and the Memorandum Order issued by the Magistrate Judge on May 19, 2026 (D.I. 383) is AFFIRMED.

_____
CHIEF JUDGE